**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**SANDRA J. STEVENS,**

    **Defendant.**

**CRIMINAL CASE NO.**

**NO. 1:18-CR-160-SCJ**

## ORDER

This matter appears before the Court on the August 28, 2018 Report and Recommendation (Doc. No. [24]) issued by the Honorable John K. Larkins III, United States Magistrate Judge, in which he recommended that the Defendant's Motion to Dismiss (Doc. No. [18]) be denied.

The Court incorporates by reference the facts and procedural history stated in the R&R. Doc. No. [24].

As stated in the R&R (Doc. No. [24], p. 1), Defendant Sandra J. Stevens is charged in this case with mail fraud and federal program theft, arising from Stevens's alleged use of public funds to purchase goods and services for her own private benefit while she was a Special Agent with the Georgia Bureau of

Investigation ("GBI"). Pending before the Court is Defendant's Motion to Dismiss the Indictment, for which the magistrate recommended that the motion be denied. As stated in the R&R, the gist of Defendant's motion is that the instant federal prosecution is unfair or improper because she was already convicted and sentenced in state court for the conduct at issue in this case. Doc. No. [24], p. 2.

In the R&R, the magistrate concluded that under the dual sovereignty doctrine, current Supreme Court precedent does not bar prosecution of the instant indictment, because the United States is a separate sovereign. Doc. No. [24], p. 8; see Heath v. Alabama, 474 U.S. 82, 92 (1985) ("[t]his Court has plainly and repeatedly stated that two identical offenses are not the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns.").

On October 25, 2018, Defendant Stevens filed objections the R&R.[1]

---

[1] Defendant recognized that the objections were untimely; however, requests that the objections be *nunc pro tunced* to September 11, 2018 due to prior counsel's unfamiliarity with federal law. Doc. No. [36], p. 3. Defendant states that the Government does not oppose this request. In the absence of objection, the Court grants Defendant's request and will consider her objections.

In her objections, Defendant objects to the magistrate's failure to address how the Supreme Court grant of certiorari in <u>Gamble v. United States</u>, 138 S. Ct. 2707 (2018) will affect her case. Doc. No. [36].[2]

When objections are filed in the context of a dispositive motion, the Court must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u> Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." <u>Id</u>.

Defendant's objections are overruled, because it is not proper for this Court to opine or extend the holding of a case in the face of binding precedent to the contrary. As stated by the Eleventh Circuit, "[b]inding Supreme Court precedent explicitly holds that a federal prosecution following a state conviction based on the same conduct does not violate the Double Jeopardy Clause. We are bound to

---

[2] The question presented in <u>Gamble</u> is: "Whether the Court should overrule the 'separate sovereigns' exception to the Double Jeopardy Clause." Supreme Court, https://www.supremecourt.gov/qp/17-00646qp.pdf (last visited Nov. 20, 2018).

apply the Supreme Court's decisions unless and until the Supreme Court itself overrules those decisions." United States v. Sanders, 712 F. App'x 956 (11th Cir. 2017); see also Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision.")). To this regard, "until the Supreme Court reconsiders the dual sovereign doctrine when a state, rather than a federal territory, initiates the first prosecution and the federal government brings a second prosecution for the same act and offense, this Court is bound by the existing law that permits these duplicate prosecutions. Therefore, the magistrate judge was correct in concluding that the dual sovereign doctrine permits [defendant's] federal prosecution." United States v. Ferrell, No. 117CR2461TCBCMS, 2017 WL 6032947, at *3 (N.D. Ga. Dec. 6, 2017).

On the whole, after *de novo* review, the Court concludes that the R&R "is correct in law and fact"—and is accepted by this Court. Griffin v. GMAC, No. 1:05-CV-0199, 2008 WL 11334068, at *1 (N.D. Ga. Mar. 5, 2008).

Accordingly, the R&R (Doc. No. [24]) is **ADOPTED** as the order of the Court, and the Defendant's Objections (Doc. No. [36]) are **OVERRULED**. Defendant's Motion to Dismiss Indictment (Doc. No. [18]) is **DENIED**.[3]

**IT IS SO ORDERED** this 28th day of November, 2018.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

[3] To the extent that the parties may be seeking a stay of the case to await the Supreme Court's decision, the parties should do so by motion in accordance with the applicable rules of criminal procedure.